TERRY v. SKINNER. TUTTLE v. TERRY. TERRY v. NALOR et al.

(Circuit Court, E. D. North Carolina. August 8, 1901.)

Nos. 458, 463.

**1. NONRESIDENT PARTIES—NOTICE—DESIGNATING ATTORNEYS.**

Plaintiff, a nonresident of the state, not having designated an attorney within the district on whom notice or other process may be served, as required by circuit court rule 32, cannot complain that defendant's motion for removal of cause was heard ex parte without notice to him.

**2. REMOVAL OF CAUSE—DISCRETION OF JUDGE.**

Under circuit court rule 20, providing that on the affidavit of plaintiff or defendant, showing good cause, a judge may remove a cause from one place of holding court to another, the question of removal is addressed to the discretion of the judge.

F. H. Busbee, for Terry.

E. F. Aydlett, for Skinner.

PURNELL, District Judge. All the above-entitled civil causes are now pending in the circuit court for the Eastern district of North Carolina. Terry v. Skinner was commenced in the court at Raleigh, and on motion of defendant removed to the court at Elizabeth City, recently provided for. Harvey Terry is a citizen of Columbus, Ohio, and complains this motion was heard ex parte without notice to him. He has not designated an attorney within this district upon whom notice or other process may be served, as required by rule 32, hence cannot complain on this score. Notice was mailed to Columbus, Ohio. Rule 32, adopted at spring term, 1894, is as follows:

"Whenever any proceeding in a cause is filed in this court by any attorney not resident within the district in behalf of a non-resident party, such attorney at the time of filing such proceeding shall designate in writing to be filed in the cause, some member of the bar, resident within the district, upon whom can be served all papers in such cause which could properly be served on such non-resident attorney were he resident within the district."

Regardless of the old maxim, Mr. Terry has acted as his own attorney, and not observed this rule. In Tuttle v. Terry there was a motion to remove the cause to Elizabeth City for trial, but on the day set for hearing there was no appearance by or for plaintiff; hence motion was considered as abandoned and dismissed. This cause is retained in the circuit court at Raleigh. In Terry v. Nalor et al. there is a motion to remove the cause to the court at Elizabeth City for trial, which is resisted by defendant. The parties favoring removal put it upon the ground of convenience and economy. Terry resists because of local prejudice against him and in favor of Thomas G. Skinner, an ex-congressman, state senator, and prominent man in that section. Tuttle v. Terry is not under consideration, but is mentioned for a full understanding of the motions now pending,—one to rescind and to remove. On June 6, 1900, an act of congress (31 Stat. 274, c. 781) provided for terms of the circuit court in and for the Eastern district of North Carolina to be held at Elizabeth City and New Bern. The circuit court for the district is at Raleigh, where the clerk resides, and terms of the court are held at three other places,

where there are deputy clerks. All constitute one circuit court, held at different places. The statute in regard to removals has no application, but the motions under consideration are governed by the rules of court in force in this district since 1886. Rule 20 is: "Upon the affidavit on the part of a plaintiff or defendant, showing good cause, a judge may remove a cause from one place of holding court to another." Hence, the question where a cause shall be heard is one addressed to the discretion of the judge.

In this case or the two cases many affidavits are filed and good reasons given for the position of each party; the one arguing that Elizabeth City is more convenient to parties, witnesses, and records, the other, local prejudice, as before stated, arguing, if not successful, he will pay the cost of witnesses, etc. In exercising a sound discretion, these arguments should be given proper weight, but it is not necessary to answer or consider every reason in detail. Parties litigant should not only have a fair trial, but, as far as may be, even the unsuccessful party should feel that his case has been decided by an impartial court and jury. Mr. Terry evidently believes there is strong prejudice against him in the section of the district surrounding Elizabeth City, and that Mr. Skinner has great influence with jurors summoned to that court. He files strong affidavits to this effect. These affidavits are met with equally strong affidavits denying the prejudice against Terry, records showing he has been reasonably successful in former litigation in that section, but not denying the influence of Mr. Skinner. Allusions are made in the rebutting affidavits to Mr. Skinner's health, but it is hoped this is only a temporary complaint. He spent much time in Raleigh last winter, and it is hoped will again add to the pleasure of friends in that city. The question of economy should have but little weight. Elizabeth City is more than 100 miles from Raleigh, and the rules for taking depositions are ample. True it is more satisfactory to counsel to have witnesses face the jury, but this is not essential in arriving at the facts in a case, and the court can set aside a verdict not in accordance with the law and evidence. But why go through this when at a little inconvenience and additional expense a trial can be had on equal grounds, where there can be no just cause for even a suspicion. Terry lives in Ohio, Skinner near Elizabeth City. In Raleigh they must meet on neutral ground. One case remains in the court at Raleigh, and in the exercise of a sound discretion it seems it would better serve the ends of justice that all, which are to some extent interwoven, should be tried in the same division of the court, at the same place.

It is therefore ordered: That the order heretofore made in Thomas G. Skinner v. Harvey Terry be, and the same is hereby, rescinded, and the record in said cause returned to the office of the clerk of the circuit court at Raleigh. Said cause shall stand for trial as though said order had not been made. That the motion to remove No. 463, Harvey Terry v. Nalor et al., from the circuit court at Raleigh, N. C., to the circuit court at Elizabeth City, N. C., be, and the same is, overruled and denied. That, until Harvey Terry complies with rule 32 by designating a member of the bar resident within this district therefor, the deposit of notices and other process in the

office of the clerk at Raleigh, N. C., shall be deemed sufficient service of such notices and process. That Harvey Terry pay the costs incurred in this behalf.