Nick SAGONIAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15183.

United States Court of Appeals
Fifth Circuit.

June 2, 1955.

Rehearing Denied June 28, 1955.

Mark R. Hawes, Pat Whitaker, Tom Whitaker, Tampa, Fla., for appellant.

Frank J. Muscarelia, Jr., Asst. U. S. Atty., Tampa, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

Like Hodges v. United States, 5 Cir., 223 F.2d 140, this is an appeal from a conviction for failure to register and pay the special tax imposed by former Section 3290 of the Internal Revenue Code, 26 U.S.C.A. § 3290. What we had to say in the Hodges case is material to but not dispositive of the issues presented here.

The Act under which this indictment was brought became effective November 1, 1951, and on November 3 of that year appellant was arrested in possession of a package of money and bolita, or Cuba lottery, tickets. The indictment charged that he:

"* * * being then and there engaged in carrying on the occupation of accepting wagers, as defined in Section 3285(b) (C) and (2), Title 26, United States Code, did willfully, during the month of November, 1951, * * * fail to register and pay the special tax required by law to be paid by him, in violation of Sections 2707, 3285, 3290, 3291, and 3294, Title 26, United States Code."

He admitted that at the time of his arrest he was employed by the proprietors of the lottery operation as a messenger or "pick up man" for a regular salary of $40 per week, but he denied (and the Government did not prove) that he ever actually received any wagers for himself or for the proprietors. He further denied that he was "engaged in the business of receiving wagers" in the sense contemplated by the statute. He appeals his conviction on the grounds:

(1) that the statute did not contemplate the imposition of the tax upon one who did not actually receive wagers; (2) that the evidence failed to prove any wagers were placed or accepted after the effective date of the Act; and (3) that the evidence did not prove he had willfully failed to register and pay the tax.

In Hodges, supra, we held that the special tax under Section 3290 was imposed upon persons who were the owners or operators of a wagering business and upon anyone who knowingly received wagers for such persons. Here, however, we must decide whether the tax also applies to one who admittedly is employed to perform duties necessary to and an integral part of a lottery operation, but who does not himself physically receive the wagers.

It is clear that appellant was not liable for the payment of the excise tax upon the wagers themselves, as imposed by Section 3285, because that tax was payable only by persons who had a proprietary interest in or were the operators of (a) the business of accepting wagers or (b) a wagering pool or lottery.[1] It follows that appellant was liable for a special tax only if he came within the class of persons intended to be covered by the provisions "engaged in receiving wagers for or on behalf of" one liable under Section 3285.

As we pointed out in the Hodges case, the primary purpose of the statute as a whole was to produce revenue by subjecting commercialized gambling to taxation. Its provisions clearly indicate that the special tax applies to the principal or proprietor and all persons who were knowingly engaged or used by him to receive wagers. While the express word-

---

1. "A person is considered to be in the business of accepting wagers if he is engaged *as a principal who, in accepting wagers, does so on his own account.* The principals in such transactions are commonly referred to as 'bookmakers,' although it is not intended that any technical definition of 'bookmaker,' such as the maintenance of a handbook or other device for the recording of wagers, be required. * * * It is not intended that to be 'engaged in the business of accepting such wagers' a person must be either so engaged to the exclusion of all other activities or even primarily so engaged." (Emphasis supplied.) House Report No. 586, June 18, 1951, U.S.Code and Congressional Service, 82d Cong., 1st Sess., p. 1839; Senate Report No. 781, September 18, 1951, id., p. 2091.

ing of Section 3290 does not include other employees directly involved in the operation, we think it would be inconsistent with the purpose of the statute to tax those who physically receive the wagers and exempt those whose duties were as important and as much a necessary part of the gambling operation. We think the employee who collected the wagers and delivered them to the principal was as much a part of the business and as much involved in the acceptance of the wagers as the persons who physically received them from the patrons, and was therefore "engaged in receiving wagers" in the sense contemplated by the statute.

This was the interpretation made by the Treasury Department in Regulation 132, promulgated November 3, 1951. Section 325.41 of the regulation,[2] in discussing the persons liable for the special tax, gave the following example:

> "B operates a numbers game. He has an arrangement with ten persons, who are employed in various capacities, such as bootblacks, elevator operators, news dealers, etc., to receive wagers from the public on his behalf. B also employs a person to collect from his agents the wagers received on his behalf.
>
> "B, his ten agents, *and the employee who collects the wagers* received on his behalf are each liable for the special tax." (Emphasis supplied.)

■ In 1954, when T.R. 132 had been in effect for nearly three years, the Congress completely revised and amended the Internal Revenue Code, and the provisions of former Section 3290 were reenacted verbatim as Section 4411 of the new Code, 26 U.S.C.A. We think it significant that the Congress saw no necessity to change or clarify the wording of the statute in the light of its interpretation by the Treasury Department. Certainly, we cannot assume that the Congress was ignorant of that interpreta-

tion; on the contrary, we must presume that reenactment of the same wording was deliberate and with full knowledge of the published regulation. We are, therefore, of the opinion that appellant was within the class of persons intended to be taxed by Section 3290.

■ There is clearly no merit in appellant's complaint that the evidence failed to prove any wagers were placed or accepted after the effective date of the Act. By admission in his brief, he was, when arrested, engaged in the activity which subjected him to the tax; and in view of what has been said herein, it is immaterial when the wagers he was delivering were placed or accepted.

■ The contention that the evidence failed to show willfulness is equally untenable. There is evidence tending to show that appellant was concerned about the necessity to register and pay the tax, and had discussions with his associates about it prior to the effective date of the Act. One of the Revenue agents testified that appellant told of a conversation with his employer wherein appellant "asked him if he didn't think he'd better get that stamp." According to this testimony, the employer told appellant, "No, don't do anything now. Wait. Let's rock along for a few days and see what we can work out." There is also evidence to the effect that when arrested by State authorities, appellant wanted to know if they were Federal officers. We think this and other testimony furnished ample evidence from which the jury could have inferred willfulness; and the record reflects no objection to the charge given on that subject.

Affirmed.

TUTTLE, Circuit Judge, concurs specially.

TUTTLE, Circuit Judge (concurring specially).

2. Title 26, Code of Federal Regulations, 1940 Edition, Cumulative pocket supplement for 1954, Section 325.41.

I agree with all that is said in the court's opinion, and wish only to add, consistently with what I said dissenting in Hodges v. United States, 223 F.2d 140, for reasons intimated therein, that in my opinion the form of the indictment in this case also may have been erroneous in alleging willful failure to pay the tax as the gist of the offense under 26 U.S. C.A. § 3294(c), instead of engaging in the occupation of accepting wagers or receiving wagers for or on behalf of a person so engaged. Furthermore, the majority opinion does not make it explicit that there was here also a technical variance between the indictment, which alleged that Sagonias was engaged in the occupation of accepting wagers, and the proof, which as the majority holds showed not this, but that he engaged in receiving wagers on behalf of one in that occupation.

I think that neither of these amounted to prejudicial error, however, because the record here, unlike that in the Hodges case, does not show any actual prejudice or any way in which the defense was misled or hampered thereby. Fed.Rules Crim.Proc. rule 52(a), 18 U.S. C.A.