John **IPPOLITO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 15312.

United States Court of Appeals Fifth Circuit.

June 2, 1955.

Rehearing Denied July 6, 1955.

Wm. C. Pierce, Manuel M. Garcia, Tampa, Fla., for appellant.

James L. Guilmartin, U. S. Atty., Miami, Fla., Vernon W. Evans, Jr., Asst. U. S. Atty., Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

As the appellant states in his brief, "the sole question * * * raised * * * on this appeal is whether or not defendant had a legal right to have his case transferred for trial and disposition from the Tampa division to the Jacksonville division" of the United States District Court for the Southern District of Florida. This appeal, like Sagonias v. United States, 5 Cir., 223 F.2d 146; Cagnina v. United States, 5 Cir., 223 F.2d 149; Lawrence Wall v. United States, and Sing Wall v. United States, 5 Cir., 223 F.2d 158, is from a conviction under 26 U.S.C.A. § 3294(c).

This prosecution was commenced in the Tampa division by a criminal information very much like the one set out in our opinion in the Cagnina case. Ippolito was arraigned and pleaded not guilty on July 15, 1953, being allowed by order 20 days to file motions. On July 31, 1953, he moved for a transfer of the trial to the Jacksonville division, on the ground that the offense, if any, was committed there because the failure to pay the tax occurred there. The court denied this motion in its order of April 23, 1954, in which it said:

"* * * the only divisions existing within the Southern District of Florida, namely, Jacksonville, Miami, Tampa, Orlando, Ocala and Fort Pierce, were created and established by rules of the District Court for the Southern District of Florida and not by Act of Congress * * *. It is the opinion of this Court that the right to trial in the division in which the offense was committed, as prescribed by Rule 18 of the Federal Rules of Criminal

Procedure [18 U.S.C.A.], contemplated only such divisions as may have been created within a district by an Act of Congress, and the Court holds that Rule 18 of the Federal Rules of Criminal Procedure in said regard is not applicable to divisions created by local District Court rules for the purpose of distribution of the work within the District.

"Rule 10 of the Local District Court Rules, adopted and promulgated by the United States District Court for the Southern District of Florida [31 F.S.A.], provides for the transfer of cases, either civil or criminal, from one division to another division created under Rule 5 of the District Court Rules and amendments thereto [upon consent of the parties or upon good cause shown to the satisfaction of the Court].

"In the offense charged one of the necessary elements to be proven by the Government is to establish that the defendant was engaged in the business of accepting wagers, and it appears to the Court from the allegations of the information that the Government intends to prove that all of the acts and transactions of the defendant occurred in the City of Tampa within the boundaries of the Tampa Division, as set out by Rule 5; that none of the acts, conduct, or transactions of the defendant pertinent to the alleged offense occurred within the Jacksonville Division as created by Rule 5. The Court understands that all of the witnesses for the Government reside within the said Tampa Division, with the exception of one witness from the office of the Director of Internal Revenue, Jacksonville, Florida, having custody of the records pertaining to registration and the issuance of a wagering tax stamp under the Wagering Act for the entire State of Florida. The Court also understands, and has not been advised to the contrary, that the defendant and whatever witnesses the defendant may produce at the trial, if any, reside within the boundaries of the Tampa Division as created by Rule 5.

"It is, therefore, the view of this Court that unless good cause be shown by the Defendant for the transfer and trial of the above entitled cause to the Jacksonville Division under said Rule 10 of the District Court Local Rules, * * * the motion of the defendant herein to transfer the cause for trial and disposition to the Jacksonville Division of this Court under said Rule 18 of the Federal Rules of Criminal Procedure should be and the same is hereby denied without prejudice to the defendant to move under said Local Rule 10 of this Court."

The defendant waived jury trial and was tried, found guilty, and sentenced by the court to one year's imprisonment. Defendant's motions for a new trial and in arrest of judgment raised anew the question whether defendant had a right to the transfer of the case. These motions were denied, and this appeal followed.

We are in complete agreement with the quoted portion of the District Court's order. The District Court was further of the opinion that the offense was committed in Jacksonville; however, it is not necessary for us to decide whether the violation of § 3294(c) consisted of the failure to pay the tax in Jacksonville or the engaging in the business of accepting wagers in Tampa. As we said in the Cagnina case the decision of that question involves a difficult question of interpretation of § 3294(c).

Rule 18 of the Federal Rules of Criminal Procedure provides as follows:

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two

or more divisions the trial shall be had in a division in which the offense was committed."

Appellant argues that the divisions of the Southern District of Florida are divisions within the purview of Rule 18, pointing out that that Rule makes no distinction between statutory divisions and others. Appellant contends also that 28 U.S.C.A. § 89, which enumerates eight cities in the Southern District where court is to be held—including Tampa and Jacksonville—read together with the reviser's note to 28 U.S. C.A. § 82,[1] manifests a congressional intention that defendants should have a right to transfer criminal trials not only from one statutory division to another, but from a statutory place of holding court to another also. The fact that Title 28 divides the judicial districts in 24 states into divisions but only fixes places for holding court in the judicial districts of the other 24, is called to our attention as supporting this argument. But we think, on the contrary, that the difference in congressional treatment of "divisions" and "places of holding court" defeats the argument instead of supporting it. Such a radical difference in the terminology of 24 sections of Title 28 from that of 24 others could hardly be accidental, but indicates a deliberately intended technical distinction. That distinction must, we think, be imposed in the interpretation of Rule 18. In that Rule, "division" must be regarded as a word of art meaning "statutory division," because technical words are always interpreted in their technical sense unless this is inconsistent with a manifested different meaning. No different meaning is manifested in Rule 18.

In contrast with Rule 18, Rule 5 of the local rules of the Southern District, in creating divisions thereof, cannot possibly mean division in the technical sense of statutory division; for a statutory non-statutory division is a contradiction in terms. It follows that the divisions contemplated by Rule 18 do not include the non-statutory divisions of the Southern District of Florida. United States v. Sutherland, D.C.W.D.Va., 214 F. 320, directly supports this conclusion, and see also Jenner v. Murray, 5 Cir., 32 F.2d 625. The reviser's note to 28 U.S. C.A. § 82 does not affect this conclusion in the least; as we see it, that note simply recognizes that transfer in a criminal case is a matter for the inherent discretionary power of the court, where it is not made a matter of right under the Federal Rules of Criminal Procedure.

■■■ Appellant advances a second argument based primarily on Rule 6 of the local rules of the Southern District, which provides:

"All civil cases arising in the Jacksonville Division elsewhere than in the counties of Nassau, Marion, Sumter, Citrus and Lake, and all criminal cases in which the offense was committed in the Jacksonville Division elsewhere than in the counties last herein enumerated, shall be returnable to and tried at Jacksonville and shall be docketed there.

\* \* \* \* \* \*

"Provided, however, that an indictment procured in either Division of the District shall be valid, regardless of where the offense was committed in the District. \* \* \* "

The first part of this rule appears to support appellant's argument, for it speaks in mandatory language. But the proviso *limits* this language, in making the commencement of a prosecution in a division other than the one where the offense was committed, nevertheless valid. And Rule 10, relating to transfers between divisions, by making such transfers discretionary, shows that such mandatory effect as Rule 6 may have, can relate only to offenses committed and

---

1. "A provision for transfer of causes, civil or criminal, from one place for holding court to another was omitted. Such provision, \* \* \* as to criminal cases, is rendered unnecessary because of inherent power of the court and Rules 18–20 of the Federal Rules of Criminal Procedure, relating to venue."

*prosecuted* within the described geographical bounds. For Rule 10 provides:

"Upon consent of the parties, or upon good cause shown to the satisfaction of the Court, the Judge may by special order direct any cause, either civil or criminal, to be transferred from one Division to any other Division of the District for trial, or may transfer any such cause from one place of holding Court to another place in the same Division."

We conclude that the District Court had discretion under this, its own, Rule to deny appellant's motion to transfer, and there is no doubt that that discretion was properly exercised for the reasons stated in its order. See Terry v. Skinner, C.C. E.D.N.C., 110 F. 494.

Finding no merit in either of appellant's arguments on the sole issue before us, we find that the judgment must be

Affirmed.