Edward **BROOKINS** and **Ralph Hubert Houston, Jr.,** Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 25445.

United States Court of Appeals Fifth Circuit.

June 28, 1968.

Rehearing Denied Aug. 7, 1968.

E. Louis Adams, Albany, Ga., S. Gunter Toney, Toney & Rose, Tallahassee, Fla., for appellants.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

HOOPER, District Judge:

Appellants Brookins and Houston were found guilty and sentenced under Count Ten, and appellant Houston upon Counts Two, Three and Four of an indictment returned against them and other defendants, as set out below.

(1) Their first specification of error alleges that, although appellants by stipulation had waived their right to attack the selection of the jury in the Albany Division of the court, such waiver was coerced by threats to transfer the cause to the Macon Division of the court.

This contention is clearly without merit. Assuming without deciding that appellants have made sufficient allegations to show that the indictment was defective because of the composition of the Grand Jury, and that the composition of the Petit Jury box was also defective, it nevertheless appears that not only did appellants fail to move to abate the trial in the Albany Division, but on the contrary they and their counsel expressly waived any objection that might have been raised. Their written stipulations were made after both the Court and their counsel had advised them of their rights, and the stipulations were approved by the Court.

Appellants now seek by affidavits filed in this Court to show that they executed the stipulations because they were fearful of being tried in the Macon Division.

In the instant case there was not only a failure by appellants and their counsel to object, but on the other hand, an express affirmative waiver. This appellate court

"[C]an only take the record as it finds it, and cannot add thereto, or go behind, beyond, or outside it, and it will not prosecute an independent inquiry"

as to what happened in the lower court, not ruled upon by the district judge. See 4A C.J.S. Appeal and Error § 1206, at p. 1333.

(2) Appellant Houston having been found guilty under Counts Two, Three and Four contends that the evidence does not support the verdict and judgment. Only as to Count Two did he make a motion for judgment of acquittal. However, this Court has reviewed the evidence as to all three counts and finds it to be sufficient.[1]

As to Count Two, however, appellant Houston did make a motion for judgment of acquittal which was overruled and he was found guilty of violation of 26 U.S.C. § 5601(a), § 5179(a), regarding possession of a distillery set up in violation of law. After careful consideration we find that the evidence was sufficient to convict upon that Count.[2]

(3) We find, however, that the attack made by both appellants concerning judgment of guilty under Count Ten (violating 26 U.S.C. § 5686(a)), charging unlawful possession of property which had been used for making liquor, is well founded.

An L.P. gas tank was seen by officers two hundred yards from a still. The

1. Where no motion is filed pursuant to Rule 29, Federal Rules of Criminal Procedure, appellant must show "manifest error," Moomaw v. United States, 220 F. 2d 589 (5th Cir. 1955), or, in order to "prevent a miscarriage of justice" on account of "plain error" (Mitchell v. United States, 208 F.2d 854 (8th Cir. 1954); Demos v. United States, 205 F.2d 596 (5th Cir. 1953).

2. Appellant contends that the testimony only shows that the still was "set up" by being placed as were other stills on foundations above the ground. There are inferences to that effect, but there is other evidence showing that the still was complete. Further cross-examination by counsel for appellant might, or might not, have disclosed weaknesses in the testimony of Officer James V. Allred (R. 38–44). He stated "the still was charged, it was still hot, you couldn't touch it",

there was a smoldering fire, defendants "were heating the ingredients and melt (sic) the sugar and stir it good and get it kicked off * * *" . . "it had just been loaded * * *."

All the foregoing indicated that the still was sufficiently set up. On cross-examination (R. 99, et seq.) defense counsel brought out that "this particular still was a small still, set up with barrels" * * * and "they had the cooker * * * the condenser was not a large condenser", the water supply "was right on the bank * * *" it had no pump (this was disproved by testimony of Officer Aldredge, see R. 86). The evidence was sufficient to uphold the verdict of guilty and "to prevent a miscarriage of justice."

The case cited by appellant, Liverman v. United States, 260 F.2d 284 (4th Cir. 1958), does not require a contrary ruling.

Government agent put his initials on the tank, but did not seize it. Some five months later appellant Brookins was found driving a truck in which appellant Houston was a passenger, the tank in question being on the truck. There is not sufficient evidence to show beyond a reasonable doubt that the tank was ever used in the illicit manufacture of liquor.

The case is remanded to the District Judge with instructions to vacate and set aside the judgment of each of appellants under Count Ten. The judgments of guilty on the other counts are affirmed.

Reversed in part, affirmed in part.