**Ralph Hubert HOUSTON, Jr.,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 28103**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1969.

S. Gunter Toney, Tallahassee, Fla., for petitioner-appellant.

Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., U. S. Atty, Macon, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge.

■ Appellant prosecutes this appeal from a denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion was denied without a hearing. We affirm.[1]

Appellant was indicted in the Albany Division of the Middle District of Geor-

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

gia and was charged with violation of Internal Revenue Laws pertaining to non-tax-paid distilled spirits.[2] He was convicted on Counts 1, 2, 3, 4 and 10. Upon appeal judgment was affirmed as to Counts 1, 2, 3 and 4 but reversed as to Count 10. Brookins, et al. v. United States, 5 Cir., 397 F.2d 261 (1968).

Appellant alleges that he signed, without full knowledge of his rights, a "Stipulation" waiving any objections he might have to the composition of the grand jury which indicted him or the petit jury which tried him.

The record reveals that appellant signed the following stipulation or waiver which was filed with the approval of the District Court:

"The Court having fully explained to my counsel and to me the opinion of the United States Court of Appeals for the Fifth Circuit rendered in Rabinowitz v. United States of America, No. 21256, and Jackson et al. v. United States of America, No. 21345, dated July 20, 1966 [366 F.2d 34], and my rights relating to indictment by a grand jury and trial by a jury selected in compliance with the provisions of 28 U.S.C. § 1861, et seq., and the Constitution of the United States, and

"I, having conferred with my counsel relative to my rights aforesaid, am desirous of being tried in the Albany Division of the Middle District of Georgia by a jury selected from the jury lists as presently constituted;

"Therefore, I stipulate and agree with the United States of America to be tried in the Albany Division of the United States Court for the Middle District of Georgia by a jury drawn from the jury box as presently constituted, and

"It is further stipulated and agreed that all parties to this proceeding waive any and all rights they may have to make an attack on the methods and standards used in the selection of grand and petit jurors in the

United States Court for the Middle District of Georgia.

"So Stipulated and Agreed in Open Court, this the 27 day of Sept., 1967."

The last paragraph of the stipulation is an express waiver of appellant's right to object and constitutes notice of his right to object. In the direct appeal of this case, this Court considered this issue:

"This contention is clearly without merit. Assuming without deciding that appellants have made sufficient allegations to show that the indictment was defective because of the composition of the Grand Jury, and that the composition of the Petit Jury box was also defective, it nevertheless appears that not only did appellants fail to move to abate the trial in the Albany Division, but on the contrary they and their counsel expressly waived any objection that might have been raised. Their written stipulations were made after both the Court and their counsel had advised them of their rights, and the stipulations were approved by the Court.

"Appellants now seek by affidavits filed in this Court to show that they executed the stipulations because they were fearful of being tried in the Macon Division.

"In the instant case there was not only a failure by appellants and their counsel to object, but on the other hand, an express affirmative waiver."

*Brookins,* supra at 262.

 While the principles of res judicata do not automatically apply to § 2255 motions so that an earlier decision cannot be changed, there is likewise no requirement that hearings be held on issues already laid to rest. Floyd v. United States, 365 F.2d 368, 379 (5th Cir. 1966). On direct appeal the Court in *Brookins,* supra, refused to consider an affidavit by the appellant to the effect that he was coerced into signing for

2. In particular: 18 U.S.C. § 371; 26 U.S.C. § 5173, 5179(a), 5205(a), 5601(a), 5602, 5604(a), 5636, 7206(4).

fear of being tried in Macon. It is clear, however, that the Court did decide that the stipulation was otherwise valid.

 Appellant contends that the waiver was executed without telling him of his "rights" under Rule 18, Federal Rules of Criminal Procedure, which provides that the *trial court* may fix the place of trial within the district with due regard to the *convenience* of the defendants and witnesses. Manifestly, Rule 18 confers no absolute right upon the defendant but is a statutory statement of the traditional concept of "forum non conveniens" relating to the appropriate forum within the district. As stated in Bostick v. United States, 400 F.2d 449 (5th Cir. 1968), under recent amendments to Rules 18 and 21, "the division has no constitutional significance; the vicinage is the district." 400 F.2d at 452. Rule 18 does not encompass an absolute right on the part of the appellant to be tried in a division of his choice but is a discretionary power of the Court to be exercised upon a showing of good cause. See Ippolito v. United States, 223 F.2d 154 (5th Cir. 1955). In light of the express relinquishment of the right to attack the composition of the jury, it is indeed difficult to see any possible grounds upon which the appellant could have invoked Rule 18 in order to have appealed to the district court's discretion.

 The only possible ground upon which the appellant could have sought "relief" under Rule 18 (other than his relinquished right to attack the jury composition) is the allegation of some undisclosed fear of being tried in Macon, which was raised on direct appeal. The Motion to Vacate cannot, however, be construed to raise this ground.[3] Even if construed to incorporate this allegation, the appellant's Motion to Vacate fails to allege a factual basis for this "fear." A simple fear of being tried in a particular division, unsupported by evidence of the nature and basis of the fear, is not a ground for relief under 28 U.S.C. § 2255 or for a change of venue under Rule 18. "Vague conclusional charges * * * in Section 2255 petitions are insufficient to raise issues that demand inquiry. * * *" Davis v. United States, 311 F.2d 495 (7th Cir. 1963); Smith v. United States, 252 F.2d 369 (5th Cir. 1958), cert. denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed.2d 1552.

 On direct appeal of *Brookins,* supra, this Court refused to consider these off the record allegations of appellant's "fear" of being tried in the Macon Division. The appellee now places before this Court affidavits by the United States Attorney and appellant's trial counsel to the effect that the stipulation was entered into as a matter of trial tactics because, "We knew some of the jurors on the panel." It appears that these affidavits are technically a part of the "files and records" of this case with-

---

3. The pertinent allegation of the Motion to Vacate is as follows:

"9. Prior to execution of such Stipulation, the Petitioner and other defendants conferred with their trial counsel in the presence of the United States Attorney, *at which time they were advised of their right to object to trial in the Albany Division of this Court on the ground that the jury as then constituted was defective and if they so objected they would be tried in the Macon Division of this Court at a later date.* Petitioner, during such conference or at any time prior to execution of such Stipulation, was not advised of Rule 18 of the Federal Rules of Crim-

inal Procedure allowing the trial court to fix the place of trial within the District with due regard to the convenience of the defendants and the witnesses. Petitioner was not advised prior to execution of said Stipulation that he had a right to object to such jury, as there constituted, *and subsequently be tried in the Albany Division of this Court when the jury had been legally constituted. Petitioner would not have executed such Stipulation and Waiver had he been advised of his legal right to object to such trial and had a right to be tried in the Albany Division of the Court before a new and lawful jury.* (Emphasis supplied).

in the meaning of § 2255 of Title 28, United States Code, since they were filed in rebuttal to appellant's affidavit on direct appeal.

 Secondly, and finally, appellant says that there was an unrecorded conversation between the trial judge and the jury foreman during the trial and in open court at which counsel were present but not within earshot. This assertion, standing alone, he urges, requires relief under his § 2255 petition. Analyzing this alleged incident and its relationship to the applicable legal standards, it is noted that at no time prior to filing his petition under 28 U. S.C. § 2255 did petitioner raise this issue. Although counsel was present in the court room at the time the alleged conversation occurred, no objection was made at the time. Moreover, on direct appeal to this Court and upon a full review of trial no suggestion of error or prejudice was made in this regard. As noted in Eisner v. United States, 351 F. 2d 55 (6th Cir.1965), Section 2255 provides for a collateral attack on a judgment of conviction and is not a substitute for appeal for alleged errors committed at the trial. This is especially applicable to events such as this occurring in the course of the trial and in open court within the unfettered observation of counsel with full opportunity to object or make a simple suggestion that counsel be made privy to the conversation and a record made. Belated suggestions of possible prejudice in such instances are not favored on collateral attack, especially following a full review on appeal.

In rejecting appellant's contentions in this regard we reiterate that private off the record conversations are not favored by this Court. Conversely—and affirmatively, such unrecorded conversations frequently give rise to serious questions of prejudice which require exhaustive scrutiny and often result in the necessity of new trials. The cure is simple: The Court Reporter should record the comments in the presence of counsel.

We have considered the provisions of the Court Reporter Act, 28 U.S.C.A. § 753(b) (1) which requires that all proceedings in criminal cases had in open court be recorded verbatim. In Strauss v. United States, 311 F.2d 926 (5th Cir. 1963) it was noted that we have never held that a failure to comply with the Court Reporter Act is error per se. The absence of a suggestion of specific error or prejudice was noted in that case and there is none in the case before us here.

The District Court's judgment denying subject § 2255 petition is

Affirmed.