**UNITED STATES of America, Plaintiff,**

v.

**Thomas Gordon HARPER, Defendant.**

**Cr. No. 84–179–N.**

United States District Court,
M.D. Alabama, N.D.

Jan. 13, 1986.

Thomas Gordon Harper, pro. se.

Charles Truncale, Asst. U.S. Atty., Montgomery, Ala., for U.S.

Benjamin E. Pool, Montgomery, Ala., for defendant, Harper.

## OPINION

VARNER, District Judge.

This cause is submitted on Defendant Harper's motion filed herein November 18, 1985, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 to correct the alleged errors in his conviction and sentence for his involvement in a plane load of marijuana which was brought into the United States. His conviction and sentence were affirmed on appeal, 775 F.2d 302, (11th Cir.1985).

Section 2255 provides that a custodial prisoner under sentence of a federal court may move to vacate, set aside or correct a sentence which is subject to collateral attack. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. But the trial court may entertain and deter-

mine such motion without requiring the production of the prisoner at the hearing.

Defendant Harper asserts that counsel was ineffective at his trial and on appeal; that an erroneous jury instruction was given at the trial (apparently that the Court gave an affirmative charge against the Defendant on a conspiracy count); that he was not advised of his right to be free from self-incrimination; and that the trial court violated his due process rights by allegedly having an improper communication with the jury. None of these matters were raised at the trial or on appeal.

 Generally, nonconstitutional claims which could have been, but were not, raised on appeal may not be asserted in collateral proceedings. *United States v. Capua*, 656 F.2d 1033, 1036–38 (5th Cir. 1981); *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). In *Frady*, supra, the Supreme Court stated:

> "To obtain collateral relief based on trial errors to which no contemporaneous objection is made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167–68, 102 S.Ct. at 1594–95.

This Court, therefore, concludes that a defect to be subject to review under § 2255 must have. been raised on direct appeal or there must have been good cause for not having raised it and actual prejudice resulting from the error. Additionally, the error must have been unconstitutional or it must have involved fundamental rights.

 If ineffective assistance of counsel is claimed, there is a particular reason for studying the question of whether there is cause excusing the failure to raise any alleged defect in the trial. The Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), recognized two requisites of an ineffective assistance of counsel claim. First, the defendant must show that the counsel's performance was deficient in that errors, so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, occurred and, second, the defendant must show that the deficient performance prejudiced the defense.[1] No such showing is made by Defendant Harper even in allegations in his motion. In fact, the allegations are too vague to inform the Court of the Defendant's contentions. The files and records of the case show clearly that the defense counsel pursued the case carefully and with diligence. The Supreme Court has made clear in *Strickland* and on other occasions that the right to counsel does not guarantee successful counsel nor does it guarantee counsel without error. The record in this case on both trial and appeal shows that counsel was more than reasonably efficient in pursuing the matters submitted to the Court. The Defendant makes no claim that counsel did not submit anything that Defendant suggested to him. This Court is, therefore, of the opinion that the files and records in this Court show clearly that the Defendant has not met the strict standards of *Strickland v. Washington*, supra, for obtaining relief from ineffective assistance of counsel.

Defendant Harper complains that the Court erroneously instructed the jury to the effect that the Defendant was guilty of one of the conspiracy counts. Apparently, Defendant is complaining of the instruction on conspiracy law at pages 366 and 367 of the trial transcript. If the charge were error, it was not raised on direct appeal, and should have been. While the Defendant does not make clear his contention as to the error in the charge, it appears that Defendant insists that the Court instructed

---

1. Here, prejudice is difficult to prove. Defendant, himself, made braggadocio statements to an undercover agent concerning his interest in a seized aircraft and its contraband load under circumstances which probably could not have been known to Defendant unless he held such an interest.

the jury that the Defendant was guilty of one of the conspiracy counts, and this Court cannot understand such a contention. If Defendant is suggesting that the Court, off the record, so charged the jury, no such thing happened and off the record communications are treated hereinafter.

■ The Defendant contends that he was neither advised of, waived nor had knowledge of his Fifth Amendment rights and contends that the trial court erred in "admonishing him" of his rights. This allegation seems to be interwoven with the contention that Defendant had no knowledge that extrinsic evidence and a tape recording were incriminating; that he did not waive any right knowingly, intelligently or voluntarily; and that he had no knowledge that his testimony was necessary or that the conduct of his attorney was ineffective. The record shows that the Defendant was informed of his right not to testify and that his attorney discussed the matter thoroughly with him. It is not suggested that the trial court, at Defendant's arraignment, did not inform him of his Fifth Amendment privileges. The record shows that the evidence in the case was strong against the Defendant and that his statement made to an undercover investigator indicated that Defendant had recently lost a shipment of about 1,000 pounds in Georgia, together with the plane, pilot and other personnel; and that Defendant, himself, after the undercover agent had testified to the conversation, offered the tape in an effort to explain his statements made in the conversation. The files and records further show that the Defendant himself took the stand in his own defense and, as stated by the Eleventh Circuit Court of Appeals, while:

"* * * the Fifth Amendment stands as a sentinel for the protection of a defendant's constitutional right to remain silent * * *, the right is not self-executing * *. When a defendant voluntarily testifies, he waives his Fifth Amendment right and places himself in the same position as any other witness, subject to cross-examination as to matters revealed in his direct testimony * * *." *McGahee v. Massey,* 667 F.2d 1357, 1362 (11th Cir.), cert.den. 459 U.S. 943, 103 S.Ct. 255, 74 L.Ed.2d 199 (1982).

The purpose of informing the Defendant at arraignment of his Fifth Amendment privileges is to inform him that he "has the choice at the outset, unhurried and with full knowledge that all questions will relate to his incrimination * * *," VIII WIGMORE, § 2276 (1961). See, also, *Harrison v. United States,* 392 U.S. 219, 222, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968). The records and files show no error relating to the Fifth Amendment privilege.

■ The Defendant contends that the trial court committed reversible error by entering the jury room and having a dialogue with the jury without the Defendant, counsel or a court reporter present. This allegation was not raised on direct appeal, and no such conversation is recalled by this Court. This Court, however, has been extremely sensitive about conversations with the jury since *United States v. Holland,* 620 F.2d 299 (5th Cir.1980), in which the Court of Appeals reversed this Court for answering a written question from the jury outside of the presence of Defendant, after having discussed the question and the proposed answer with the attorneys in the presence of the defendant and having asked the attorneys in the presence of their clients whether anyone had any objection to the Court's giving the simple direct answer to the question to the jury outside of the presence of the defendants and their counsel. That Court made clear that such a conversation violated the defendant's rights to a public trial and to a record of the trial. That opinion, however, was on direct appeal rather than on petition for writ of error coram nobis and that Court did not consider the question of waiver.

As pointed out by the Government, it appears that, since *Holland,* the United States Supreme Court has pointed out that

such a communication and the right to have it public and transcribed can be waived. *Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *United States v. Gagnon*, 470 U.S. ——, ——, 105 S.Ct. 1482, 1486, 84 L.Ed.2d 486, 492 (1985). In *Rushen*, the Court pointed out:

"When an ex parte communication relates to some aspect of the trial, the trial judge generally should disclose the communication to counsel for all parties. The prejudicial effect of a failure to do so, however, can normally be determined by a post-trial hearing. The adequacy of any remedy is determined solely by its ability to mitigate constitutional error, if any, that has occurred." 464 U.S. at 118–120, 104 S.Ct. at 456.

As early as 1969, the Court of Appeals for the Fifth Circuit in *Houston v. United States*, 419 F.2d 30, recognized the right to waive any objections to such a communication. It further pointed out that failure to raise such an issue on trial or on appeal effectively barred the defendant from raising such an objection under 28 U.S.C. § 2255. See, also, *United States v. Gallo*, 763 F.2d 1504, 1531 (6th Cir.1985); *United States v. Head*, 697 F.2d 1200, 1203 (4th Cir.), cert.den. 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983); and *United States v. Woodner*, 317 F.2d 649, 652 (2nd Cir.1963), wherein the Court stated the following:

"We have enough confidence in the integrity and fairness of the District Judge to assume that they will not make unfair remarks to jurors while undertaking administrative duties of this nature."

■ This Court is, therefore, of the opinion that Defendant Harper's nonconstitutional errors are not cognizable in a collateral attack under 28 U.S.C. § 2255 and that his alleged constitutional errors are without merit. Accordingly, Defendant Harper's motion for relief pursuant to 28 U.S.C. § 2255 will be denied.

An Order will be entered in accordance with this Opinion.