Jogindar Singh CLAIR, Appellant,

v.

Bruce G. BARBER, as District Director of Immigration and Naturalization Service, San Francisco District, Appellee.

No. 15841.

United States Court of Appeals Ninth Circuit.

June 23, 1958.

Robert B. McMillan, Arthur J. Phelan, Milton T. Simmons, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

The appellant, a citizen of India, who entered the country in 1940 at a time when he was serving as a seaman on a British vessel, was ordered deported because his presence in the United States was unlawful since at the time of his entry he had no visa and he simply failed to return to his ship after he had been given shore leave. In connection with his deportation proceedings appellant applied for suspension of deportation under Title 8 U.S.C.A. § 1254(a)(1). This application was denied by the Special Inquiry Officer and the Board of Immigration Appeals affirmed the denial. The Board expressly approved the Special Inquiry Officer's denial stated to be "because the respondent came into the United States on an allied merchant vessel during the war, left his ship and did not engage in seaman service during the remainder of hostilities."

The appellant sought review of the order denying suspension of deportation by complaint filed in the court below invoking the provisions of § 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009). The district court denied relief.

On this appeal from that decision appellant asserts that the action of the Board of Immigration Appeals was arbitrary and capricious and hence subject to review or correction in the district court. His argument is that the stated ground for denying suspension of deportation was arbitrary in that it purported to be based upon a rule that any merchant seaman who left an allied merchant vessel during the war and did not engage in seaman service must be denied suspension of deportation. Appellant relies upon Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999.

We find nothing in the record to warrant a conclusion that the action of the Board, or the reason given by it for denial of suspension of deportation was based upon an arbitrary determination that all persons in that category must be denied this relief. In the light of later decisions, we think the Mastrapasqua case is in any event of doubtful authority. See United States ex rel. Hintopoulos v. Shaughnessy, 2 Cir., 233 F.2d 705, affirmed 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed. 2d 652; Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242, and Wolf v. Boyd, 9 Cir., 238 F.2d 249.

On the authority of the cases last cited, the judgment is affirmed.