Nabil Salameh SHARAIHA, Plaintiff,

v.

Richard C. HOY, Acting District Director,
Immigration and Naturalization Serv-
ice, Los Angeles, California, Defendant.

Civ. No. 1419-57.

United States District Court
S. D. California,
Central Division.

Jan. 14, 1959.

George B. T. Sturr, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., by Burton C. Jacobson, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

CLARKE, District Judge.

This action, brought pursuant to section 10 of the Administrative Procedure Act of 1946 [1] seeks review of an order of deportation and an administrative denial of voluntary departure.

Plaintiff entered this country as a student in February, 1952, under section 4(e) of the Immigration Act of 1924.[2] In August, 1955, having failed to take examinations in the spring semester of 1955, he was disqualified from further enrollment for class work.

At his deportation hearing in July, 1957, he applied for the privilege of voluntary departure, pursuant to section 244(e) of the Immigration and Nationality Act of 1952,[3] which provides: "(e) The Attorney General may, in his discretion, permit any alien under deportation proceedings * * * to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of *good moral character for* at least five years immediately preceding his application for voluntary departure under this subsection." (Emphasis added.) He was found statutorily ineligible for such relief, his application was denied, and he was ordered deported.

The Board of Immigration Appeals dismissed his appeal. Thereafter, this action was commenced.

In his complaint, plaintiff asks for a declaratory judgment to the effect that he is not deportable. Review of an order of deportation may be had under section 10 of the Administrative Procedure Act. Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

Not only was the issue of deportability not raised either at the deportation hearing or upon appeal to the Board of Immigration Appeals; but, at his deportation hearing, plaintiff expressly admitted he was deportable.

The failure to raise an issue in administrative proceedings, where the opportunity to do so exists, will preclude the raising of that issue for the first time in proceedings for judicial review.[4] No fundamental question going to the essence of due process is here involved, as was the case in United States ex rel. Athanasopoulos v. Reid, D.C.D.C.1953, 110 F.Supp. 200. In the Tucker Truck Lines case, supra, the Court stated, 344 U.S. at pages 36–37, 73 S.Ct. at page 68:

"We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. * * * Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

Plaintiff states in his brief: "The sole question before the Court in this case is one of interpretation of the terms contained in section 1101(f) (6) of Title 8

1. 60 Stat. 243, 5 U.S.C.A. § 1009.

2. 43 Stat. 155, 8 U.S.C. § 204(e) (1940), now 8 U.S.C.A. 1101(a) (15) (F).

3. 66 Stat. 217, 8 U.S.C.A. § 1254(e).

4. United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54; Yee Si v. Boyd, 9 Cir., 1957, 243 F.2d 203; Elbow Lake Coop. Grain Co. v. Commodity Credit Corp., D.C.D.Minn.1956, 144 F.Sup. 54, affirmed 8 Cir., 1958, 251 F.2d 633; Evans v. Murff, D.C.D.Md.1955, 135 F.Supp. 907; cf. F. P. C. v. Colorado Interstate Gas Co., 1955, 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583 (statute involved).

U.S.C. \* \* \*"[5] Thus, any issue of his deportability was there abandoned.[6]

██ Based upon two applications to extend time of temporary stay, to one of which was attached a certificate of acceptance bearing a sworn statement by plaintiff, filed by him with the Immigration and Naturalization Service, the Special Inquiry Officer concluded he was precluded from establishing the requisite good moral character necessary to be eligible for voluntary departure, as one who had given false testimony for the purpose of obtaining benefits under the Immigration and Nationality Act of 1952 within the meaning of section 101(f) (6) of that Act.[7]

Section 1101(f) (6) of Title 8 U.S.C.A. provides: "§ 1101. Definitions \* \* (f) For the purposes of this chapter— No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was— \* \* \* (6) one who has given false *testimony* for the purpose of obtaining any benefits under this chapter; \* \* \*." (Emphasis added.)

██ That such a determination is open to judicial review in an action brought under section 10 of the Administrative Procedure Act is supported by much authority.[8] But see Anderson v. Holton, 7 Cir., 1957, 242 F.2d 596, wherein review of a denial of suspension of deportation based upon a finding of statutory ineligibility was denied[9] and Fugiani v. Barber, 9 Cir., 1958, 261 F.2d 709, involving the denial of suspension of deportation and voluntary departure under the 1917 Act based upon an administrative determination of statutory ineligibility.[10]

---

5. Plaintiff's Opening Brief, p. 2.

6. Cf. United States v. Watterworth, D.C. D.Md.1958, 162 F.Supp. 527 (a criminal proceeding).

7. 66 Stat. 172, 8 U.S.C.A. § 1101(f) (6) (1952).

8. See Rogers v. Quan, 1958, 357 U.S. 193, 78 S.Ct. 1076, 2 L.Ed.2d 1252 (denial of stay of deportation based on claimed erroneous interpretation of § 243(h) 8 U.S.C.A. § 1253(h), reviewed); Pimental-Navarro v. Del Guercio, 9 Cir., 1958, 256 F.2d 877 (administrative determination that plaintiff was precluded from establishing good moral character by § 1101(f) (3) reviewed and upheld); Clair v. Barber, 9 Cir., 1958, 258 F.2d 558 (denial of suspension of deportation in exercise of discretion reviewed and upheld); Hegerich v. Del Guercio, 9 Cir., 1958, 255 F.2d 701 (denial of voluntary departure reviewed and held an abuse of discretion); Gonzalez-Jimenez v. Del Guercio, 9 Cir., 1958, 253 F.2d 420 (denial of voluntary departure and permission *nunc pro tunc* to reapply for admission in exercise of discretion reviewed and upheld); Gil v. Del Guercio, 9 Cir., 246 F.2d 553, certiorari denied 1957, 355 U.S. 863, 78 S.Ct. 96, 2 L.Ed. 2d 69 (denial of voluntary departure in exercise of discretion reviewed and upheld); Dessalernos v. Savoretti, 5 Cir., 1957, 244 F.2d 178, reversed per curiam 1958, 356 U.S. 269, 78 S.Ct. 690, 2 L.Ed.

2d 751 (denial of suspension of deportation based upon determination of ineligibility under § 244(a) (5), 8 U.S.C.A. § 1254(a) (5), and refusal to consider eligibility under § 244(a) (1) reviewed and held erroneous); Bong Youn Choy v. Barber, D.C.N.D.Cal.1958, 162 F.Supp. 629 (denial of suspension of deportation in exercise of discretion reviewed and upheld).

9. The court cited Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242; United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652, and United States ex rel. Ciannamea v. Neelly, 7 Cir., 1953, 202 F.2d 289. All three of these cases involved petitions for writs of habeas corpus to review the denial of discretionary relief in the exercise of discretion. In each, the reviewing court concluded there had been no abuse of discretion *after reviewing* the circumstances in which relief had been denied. In addition, both Hintopoulos and Ciannamea involved the 1917 Act, rather than the 1952 Act.

10. This last case is difficult to evaluate, in view of the separate concurring and dissenting opinions written by two judges of the three-judge court. It is not easily reconciled with Jimenez v. Barber, 9 Cir., 1956, 235 F.2d 922, certiorari denied 1957, 355 U.S. 903, 78 S.Ct. 327, 2 L. Ed.2d 259, wherein the denial of suspension of deportation under the 1917

■ Concerning the definition of the word *testimony*, one court has said: "'testimony,' * * * strictly speaking, means only that evidence which comes from living *witnesses* who testify *orally*. But in common language, (and, sometimes, even, among lawyers) the two words [evidence and testimony] are frequently used synonymously, * * *." (Emphasis added.) Mann v. Higgins, 1890, 83 Cal. 66, 69, 23 P. 206, 207. In that case the question involved was whether the jury had been misled where the trial judge had used the word *testimony*, instead of *evidence*, in instructing the jury on the subject of the preponderance of the evidence.[11] Thus, the word *testimony*, technically construed, refers solely to the *oral* utterances of *witnesses* under oath, and in interpreting statutes, words having a technical meaning are to be so construed. Barber v. Gonzales, 1954, 347 U.S. 637, 641, 74 S.Ct. 822, 98 L.Ed. 1009; Ippolito v. United States, 5 Cir., 1955, 223 F.2d 154, 157.

■ That which the Government points to in this case as false *testimony* was not oral, but written. It was uttered not in a judicial or quasi-judicial proceeding, but was merely submitted for clerical processing. This is not to minimize the importance to be attached to such applications, upon which administrative officials must rely. However, the question involved herein is a close one. At issue is not whether plaintiff is to be deported, but whether he is to be permitted to depart voluntarily. Yet, having regard to the prejudicial effect of deportation upon an alien's lawful entry in the future,[12] this court will be guided by the language of Barber v. Gonzales, supra, wherein the Court said, 347 U.S. at page 643, 74 S.Ct. at page 825:

"Although not penal in character, deportation statutes as a practical matter may inflict 'the equivalent of banishment or exile', Fong Haw Tan v. Phelan, 333 U.S. 6, 10, 68 S.Ct. 374, 92 L.Ed. 433, and should be strictly construed."

See also Gubbels v. Hoy, 9 Cir., 1958, 261 F.2d 952.

This court is of the opinion that the Special Inquiry Officer erred in concluding plaintiff was precluded from establishing the good moral character which is a statutory requirement for consideration for voluntary departure.

No administrative determination has yet been made as to whether plaintiff established his good moral character. Nor has there been any decision as to whether he should be granted such relief, in the event his eligibility for such be established. He is entitled to have these questions determined before being deported.

In conclusion, it is to be noted that the findings of the Special Inquiry Officer and those of the Board of Immigration Appeals are inconsistent as to exactly which paper had been sworn to by plaintiff.

Judgment for plaintiff.

Act in the exercise of discretion was reviewed and upheld.

11. Cf. Ensign v. Commonwealth of Pennsylvania, 1913, 227 U.S. 592, 599, 33 S.Ct. 321, 57 L.Ed. 658; Oklahoma Gas & Electric Co. v. Bates Expanded Steel Truss Co., D.C.D.Del.1924, 296 F. 281, 282; and Stern v. Superior Court, 1947, 78 Cal.App.2d 9, 13, 177 P.2d 308, 310 (all involving statutes). But cf. Gonzalez-Jimenez v. Del Guercio, supra, (semble); Woods v. State, 1893, 134 Ind. 35, 33 N.E. 901, 904 (statute involved).

12. See sections 212(a) (17) and 276 of the 1952 Act, 8 U.S.C.A. §§ 1182(a) (17) and 1326.