MATTER OF G——L——T——

In DEPORTATION Proceedings

A-8834479

Decided by Board July 1, 1959

Good moral character—Section 101(f)(6) of 1952 act—False information given orally in connection with application is "testimony."

False information given under oath in a question-and-answer statement before an officer of the Service in connection with an application for a certificate of citizenship in lieu of one lost is "testimony" within the meaning of section 101(f)(6) of the 1952 act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 213(a), 1946 ed.—No immigration visa.

BEFORE THE BOARD

**Discussion:** A special inquiry officer directed the respondent's deportation and denied his application under 8 U.S.C. 1254(a)(1). On October 1, 1958, we dismissed his appeal. The matter is now before us pursuant to counsel's motion which requests reconsideration of our decision of October 1, 1958.

The respondent is a 48-year-old married male, native and citizen of China, who last entered the United States on October 15, 1949, when he was admitted as a United States citizen. With the exception of one absence for 11 months, he has resided here since October 1940. At that time he secured admission as the son of a native-born citizen. Actually, he has never been a citizen of the United States and he has conceded his deportability on the charge stated above. The sole issue to be determined is whether the motion for reconsideration should be granted.

After the respondent obtained admission to the United States in 1940 through his fraudulent claim of being a United States citizen, he continued to claim citizenship on various occasions until January or February 1955 when he admitted his alienage while being questioned by officers of the Department of State. On the basis of his claim that he acquired United States citizenship through his father, he obtained a certificate of citizenship in 1947 which was stolen

403

from him during November 1953. Exhibit 7 shows that on January 19, 1954, he was questioned under oath by an officer of the Service in connection with an application for a certificate of citizenship to replace the stolen one. At that time, he gave false testimony concerning his citizenship. The special inquiry officer held that, due to this false testimony, the respondent was precluded from establishing good moral character by reason of the provisions of 8 U.S.C. 1101(f)(6).

Counsel submitted with his motion a letter of the Department of State dated November 14, 1958, indicating that the respondent cooperated during the investigation concerning his case, as well as other cases involved. While that would be a factor in determining whether suspension of deportation should be granted as a matter of discretion, the decisions of the special inquiry officer and of this Board show that the denial of suspension was based on the conclusion that the respondent did not meet the statutory requirements for that relief because 8 U.S.C. 1101(f)(6) precluded a finding of good moral character.

The application for suspension of deportation was filed under 8 U.S.C. 1254(a)(1) which provides that such applications must have been filed by December 24, 1957, and that such a person must prove that he was and is a person of good moral character "during all of such period," that is, "not less than seven years immediately preceding the date of such application." The respondent's application was executed and filed on March 22, 1957. Although there was a statement in the special inquiry officer's decision and in our decision of October 1, 1958, indicating that the statutory period began in June 1951, the correct date is March 22, 1950.

Counsel indicated in his motion that the false testimony in January 1954 was beyond the statutory period of five years. However, as we have indicated above, 8 U.S.C. 1254(a)(1) requires proof of good moral character for *seven* years preceding the date of the application. Seven years will not have elapsed from the date of the false testimony until January 1961, but even the passage of time will not be of assistance to the respondent because he was not eligible for suspension of deportation on December 24, 1957.

One other question, which was not raised in the motion, has been considered. Subsequent to our decision on October 1, 1958, concerning the respondent, *Sharaiha* v. *Hoy*, 169 F. Supp. 598 (S.D. Cal., 1959), was decided. There it was held that a *false statement* in an application was not *false testimony* within the meaning of 8 U.S.C. 1101(f)(6) because the word *testimony*, technically construed, refers solely to the *oral* utterances of witnesses under oath. We do not consider that the respondent's case is within the purview of that decision. Exhibit 7 is a question-and-answer statement which shows that the respondent was advised concerning the official identity of

the examining officer; that he was informed the statement must be voluntary and that it might be used as evidence in subsequent proceedings; that he was placed under oath; and that he was warned of the penalty for perjury. He was asked, "Of what country are you a citizen?" and answered, "U. S. citizen through my father L——Y—— who was born in Portland, Oregon." We conclude that this was, in fact, "testimony" and that the rule stated in *Sharaiha v. Hoy, supra*, has no application here.

In view of the foregoing, we hold that 8 U.S.C. 1101(f)(6) precludes a finding of good moral character in the respondent's case and that he is statutorily ineligible for suspension of deportation. Under the circumstances, counsel's motion for reconsideration, except as reconsidered herein, will be denied.

**Order:** It is ordered that counsel's motion for reconsideration, except as reconsidered herein, be denied and that our order of October 1, 1958, be hereby affirmed.