## MATTER OF NGAN

### In DEPORTATION Proceedings

### A–13005842

*Decided by Board September 17, 1964*

Respondent's oral false statements, under oath, in a question-and-answer statement before an officer of this Service in connection with the processing of a visa petition to accord nonquota status to his wife and children, constitute false testimony within the meaning of section 101(f)(6), Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—No valid immigration visa in violation of section 13(a) of the Act of May 26, 1924.

The case comes forward on motion of the General Counsel, Immigration and Naturalization Service dated July 26, 1964, requesting that the Board reconsider and withdraw its order of June 26, 1964, granting the respondent suspension of deportation and that the respondent's appeal from the order of the special inquiry officer dated October 22, 1963, directing that the respondent be deported to China on the charge stated in the order to show cause be dismissed

The facts are fully set forth in the orders of the special inquiry officer, the prior order of this Board and the motion for reconsideration. Briefly, the record relates to a native and citizen of China, 42 years old, male, married, who last entered the United States at the port of San Francisco, California on April 20, 1948, claiming to be the citizen son of Wong Hong, a United States citizen. At that time he was admitted as a United States citizen without being inspected as an alien. He now concedes that he is not the son of Wong Hong, that he is not a citizen of the United States, and that he is deportable on the charge stated in the order to show cause.

During the course of the deportation hearing the respondent applied for suspension of deportation under the provisions of section 244(a)(1) of the Immigration and Nationality Act, as amended, by the Act of

October 24, 1962. The special inquiry officer found that the respondent satisfied the requisites of continuous physical presence in the United States for not less than seven years immediately preceding the date of his application for suspension of deportation and that the respondent's deportation would result in extreme hardship to himself and to his 77-year-old father who was naturalized a citizen of the United States on October 21, 1964.

The special inquiry officer found that the respondent satisfied the requirements of good moral character except for the fact that in his sworn statement on June 17, 1959, during which respondent was represented by counsel before an immigrant inspector, the respondent specifically testified that his name was Wong Chong and presented a United States citizen identification card to establish his claim. He was questioned about his relationship to Sam Sing Ngan and denied any relationship. A visa petition was filed on October 7, 1958, by the respondent claiming to be a United States citizen, for the issuance of a nonquota immigrant visa to his spouse and three children. An investigation conducted in Hong Kong in connection with this visa petition raised serious questions concerning the status of the petitioner as a United States citizen and resulted in a denial of the visa petition. Not until January 1963 did the respondent confess that he was in fact Ngan Cho On, the son of Ngan Som Shing, confessed his alleged father, Hong Wong, was not his true father, surrendered for cancellation his certificate of derivative citizenship dated April 8, 1954, and his Citizen's Identification Card issued June 24, 1954, expressed repentance at the deception he had practiced in connection with his entry into the United States and in connection with the visa petition he had filed for his wife and three children. The special inquiry officer found that the respondent was precluded from establishing good moral character under the provisions of section 101(f)(6) of the Immigration and Nationality Act and therefore had not established statutory eligibility under the provisions of section 244(a) of the Immigration and Nationality Act for suspension of deportation.

Section 101(f)(6) of the Immigration and Nationality Act (8 U.S.C. 1101(f)(6)) precludes an alien from establishing good moral character if during the period for which good moral character is required he "has given false testimony for the purpose of obtaining any benefits under this Act." In our order of June 26, 1964, we held that the word "testimony" as used in section 101(f)(6) of the Act has been construed as referring solely to oral statements of witnesses under oath in an administrative or judicial proceeding and we held that the false oral statements made by the respondent during the investigation were a reiteration of the witness' statements submitted in the visa application and that the respondent had not given false testimony within

the meaning of section 101 (f) (6) of the Immigration and Nationality Act.[1]

The Service motion disputes the rationale of our decision and the disposition of the issue presented in the case as to whether it is false testimony to gain a benefit under the Immigration and Nationality Act within the meaning of section 101 (f) (6) where the alien lies under oath in a formal question and answer statement taken before an officer of the Service in connection with the processing of the visa petition to obtain nonquota status for his wife and children. Counsel for the respondent has filed a brief in opposition to the Service motion. After full consideration of all the circumstances of the case and the arguments set forth in the motion and brief, it is our conclusion that the motion to reconsider should be granted.

The respondent's sworn statement of June 17, 1959, was taken before a Service officer and the respondent was represented by counsel. In that sworn statement he represented himself as James Chong Wong, also known as Wong Chong, presented his United States Citizen's Identification Card, asserted that the Citizen's Identification Card and other papers were issued under his true name, indicated that his wife had informed him that the American Consulate at Hong Kong believed he was a "Ngan," the son of Sam Sing Ngan, denied that he had ever used the name of Ngan Cho On, and reiterated that his father's name was Wong Hung also known as Wong Gong Yon. It is obvious that the respondent at that time was aware of the fact that he was under investigation by the American Consultate as a person who had taken an assumed identity but nevertheless persisted in his claim that he was the son of a United States citizen. The respondent also presented as a witness, Ngan Sam Sing, who made a sworn statement to the effect that he had always lived in the United States and identified the respondent as Wong Chong. Not until January 1963 did the respondent confess that he was in fact Ngan Cho On, the son of Ngan Som Shing, who was not a United States citizen and admit that he had no claim to United States citizenship. It is clear that this retraction, some three and a half years later, and after investigation disclosed evidence that the respondent was not in fact the person he claimed to be, was not timely and was too late to fall within the doctrine of timely recantation.[2]

It is believed that our reliance upon the case of *United States* v. *Minker*, 350 U.S. 179, was misplaced. The *Minker* case involved the

[1] Citing *Matter of L—D—E—*, 8 I. & N. Dec. 399; *United States* v. *Minker*, 350 U.S. 179 (1956) and *Sharaiha* v. *Hoy*, 169 F. Supp. 598 (S.D. Cal. 1959).

[2] *Matter of M—*, 9 I. & N. Dec. 118 citing *Matter of R—R—*, 3 I. & N. Dec. 823, in which there was timely recantation without prior exposure of the admittedly false testimony.

issue of whether section 235(a) of the Immigration and Nationality Act, providing that any immigration officer shall have power to require by subpoena the attendance and testimony of witnesses before immigration officers relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of the Act in its administration by the Service, empowers an immigration officer to subpoena a naturalized citizen who is the subject of an investigation by the Service, where the purpose of the investigation is to determine if good cause exists for the institution of denaturalization proceedings under section 340(a) of the Act. The court concluded that Congress had not provided with sufficient clarity that the subpoena power granted by section 235(a) extends over persons who are the subjects of denaturalization investigation and therefore Congress is not to be deemed to have done so impliedly. In the concurring opinion, Justice Black stated that the broad powers contained in section 235 of the Act should be confined in its use of those powers to the treatment of aliens. The observation in the majority opinion deprecating compulsory *ex parte* administrative examinations, untrammeled by the safeguards of public adversary judicial proceeding, must be read in context to its reference to prospective defendants in denaturalization suits.

The case of *Sharaiha* v. *Hoy*, 169 F. Supp. 598, involved an application to extend the time of temporary stay to which was attached the certificate of acceptance bearing a sworn statement by the plaintiff. In construing the prohibition against a finding of good moral character by a person who has given false testimony for the purpose of obtaining any benefit under the Act contained in section 101(f)(6) of the Immigration and Nationality Act (8 U.S.C. 1101(f)(6)), the District Court held that the word "testimony," technically construed, refers solely to oral utterances of witnesses under oath and held that the written application for extension of time of temporary stay was not oral and did not constitute testimony.

In applying the principle of the *Sharaiha* case, we cited *Matter of L—D—E—*, 8 I. & N. Dec. 399. That case involved false statements in an application for a United States passport. We concluded that false statements which appear in a written application, whether or not under oath, do not constitute "testimony" within the meaning of 8 U.S.C. 1101(f)(6).

The true distinction between the instant case and the case cited above appears in *Matter of G—L—T—*, 8 I. & N. Dec. 403. That case involved a person who obtained admission to the United States in 1940 under the fraudulent claim of being a United States citizen. He acquired a certificate of citizenship in 1947 on the basis of that claim

which was stolen from him in 1953. In January 1954 he was questioned under oath by an officer of the Service in connection with an application for a certificate of citizenship to replace the stolen one and at that time gave false testimony concerning his citizenship. The special inquiry officer held that due to his false testimony the respondent was precluded from establishing good moral character by reason of the provisions of 8 U.S.C. 1101(f)(6). We considered the case of *Sharaiha* v. *Hoy*, 169 F. Supp. 598 holding that false testimony involved only oral utterances of witnesses under oath but held that the false information given under oath in the question and answer statement before an officer of the Service in connection with an application for a certificate of citizenship in lieu of one lost was, in fact, testimony, and that the rule stated in *Sharaiha* v. *Hoy* had no application.

We believe that the holding in *Matter of G—L—T—*, *supra*, is dispositive of the instant case. The sworn statements in the present case, given on October 20, 1958, and June 17, 1959 (Exs. 16 & 18) were given in the form of a formal question-and-answer statement and the respondent was represented by counsel. The matter involved was a visa petition which, like the matter involved in *Matter of G—L—T*, *supra*, an application for a certificate of citizenship in lieu of one lost, is not an "adversary" proceeding but is rather an ex parte proceeding. It was, however, a quasi judicial proceeding in that the respondent was placed under oath by an immigrant inspector and was examined in the presence of counsel. In the visa petition proceeding he was seeking a benefit under the immigration laws, namely, the securing of a non-quota status for his wife and children as the spouse and children of a United States citizen which he falsely represented himself to be. His oral sworn statements taken in connection therewith, after investigation had disclosed reason to doubt the bona fides of the status of the respondent as a citizen of the United States, constitute testimony as that term is used in section 101(f)(6) (8 U.S.C. 1101(f)(6)) since it was not written but oral and thus not within the restriction of *Sharaiha* v. *Hoy*, *supra*. As we have previously pointed out we consider the case of *United States* v. *Minker*, 350 U.S. 179 not applicable. Upon the present record, in spite of the favorable factors of long residence and serious economic detriment to himself and his elderly citizen father, the application for suspension of deportation must be denied because of the prohibition contained in section 101(f)(6) of the Act, the acts constituting which occurred during the period for which good moral character must be established.

ORDER: It is ordered that our prior order dated June 26, 1964, be and the same is hereby withdrawn.

*It is further ordered* that the appeal be and the same is hereby dismissed.