## MATTER OF NAMIO

### In Deportation Proceedings

### A-19356812

*Decided by Board August 17, 1973*

(1) An alien's false statements under oath to a border patrol agent in a routine question-and-answer interview preclude a finding of good moral character under section 101(f)(6) of the Immigration and Nationality Act.

(2) The alien's recantation of the false testimony approximately one year later when disclosure of its falsity was imminent was neither a voluntary nor timely retraction and, therefore, was ineffective to remove the bar to his establishing good moral character under section 101(f)(6) of the Act.

(3) In the absence of a showing of a valid basis for adjournment, an immigration judge's refusal to grant adjournment of the deportation hearing and counsel's subsequent withdrawal did not deprive the alien of a fair hearing where the attorney had represented him for approximately one year, the alien had been afforded ample opportunity to present testimony, and the hearing had progressed to the point of the immigration judge's rendering of his decision.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered the United States without inspection.

ON BEHALF OF RESPONDENT:
Jonathan E. Avirom, Esquire
225 Broadway
New York, New York 10007
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This is an appeal from an order of an immigration judge, dated May 18, 1972, which found the respondent deportable as charged and denied his application for voluntary departure. The appeal will be dismissed.

The respondent is a 28-year-old male alien who is a native and citizen of Italy. He departed Italy on May 18, 1971 and arrived in Toronto, Canada on the following day. While in Toronto, he was contacted by an individual who identified himself to the respondent as "the man that your relatives told you to expect" (Tr. p. R-59). On the twenty-second of May 1971, both men journeyed to Montreal by bus. On the following day, the respondent was

informed that if he walked down a particular street, at a designated time, he would be picked up and driven directly to New York. He was told to carry his passport and to leave his suitcases at a certain house. The respondent followed the instructions and was picked up as planned. He crossed the border without being examined or inspected by an immigration officer.

At approximately 8:15 p.m., on the same day, the respondent was apprehended by the border patrol. Shortly thereafter, while under oath, he made false statements to a border patrol agent. He falsely stated that he traveled to Montreal alone; he did not think it was necessary to stop at the border; he hitchhiked to the United States; he had three rides from Montreal to the United States; he did not know if he was in Canada or the United States when he was last picked up; and he did not know when he entered into the United States.

The following day, the respondent pled guilty, and was found guilty, of entering the United States without presenting himself for inspection by a United States immigration officer. On the same day, he was served with an order to show cause alleging that he was subject to deportation pursuant to section 241(a)(2) of the Immigration and Nationality Act.

At the respondent's first deportation hearing, on July 8, 1971, he admitted the truth of the factual allegations contained in the Order to Show Cause, conceded deportability, and was denied the privilege of departing voluntarily from the United States. The respondent appealed that decision to this Board and we remanded "to permit respondent to establish that he is eligible for voluntary departure and merits that relief as a matter of discretion." At the reopened hearing on May 18, 1972, the immigration judge again denied respondent's application for voluntary departure. However, rather than predicating his decision on administrative discretion as he had previously, the immigration judge concluded that the respondent was statutorily ineligible for relief under section 244(e) of the Immigration and Nationality Act. The respondent appealed that decision.

In order to qualify for the discretionary benefit of voluntary departure, the respondent must establish that he has been a person of good moral character for at least five years preceding his application. Section 101(f)(6) of the Act provides that:

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was—
>> (6) one who has given false testimony for the purpose of obtaining any benefits under this Act:

We agree with the determination of the immigration judge that

he was statutorily precluded from finding that the respondent was a person of good moral character since the respondent made false statements, while under oath, to a border patrol agent on May 23, 1971. [1] Since relief under section 244(e) of the Act is not available unless the person who is seeking the discretionary benefit is found to be a person of good moral character, the immigration judge correctly denied the respondent's application for voluntary departure.

In two similar cases, *Matter of G—L—T—*, 8 I. & N. Dec. 403 (BIA,1959) and *Matter of Ngan*, 10 I. & N. Dec. 725 (BIA,1965), this Board held that false testimony given, while under oath, at a quasi-judicial hearing, constitutes false testimony within the meaning of section 101(f)(6) of the Act. Although these two cases involved a quasi-judicial setting and the instant case does not, we do not deem this distinction to be important. We think that restricting the statutory meaning of false testimony to statements made in an administrative, judicial or quasi-judicial proceeding would be an impermissible delimitation not intended by Congress. [2]

The respondent contended that he is eligible for voluntary departure because of his recantation. This argument is without merit since we have consistently held that the recantation must be voluntary and without delay. [3] An analysis of the facts of this case indicates that the respondent did not retract his statement until approximately one year later, and the retraction was not made until it appeared that the disclosure of the falsity of the statements was imminent. It is evident that the recantation was neither voluntary nor timely.

We conclude that the determination of the immigration judge that the respondent was statutorily ineligible for voluntary departure was correct, and the respondent's appeal from that determination will be dismissed.

At the conclusion of the respondent's defense, his attorney requested an adjournment so that he could further discuss certain matters with his client. The requested adjournment was denied by

---

[1] The false statements were made during the course of a routine question-and-answer interview which was transcribed verbatim.

[2] For a discussion of the necessity of construing the term "false testimony" narrowly, see *Sharaiha v. Hoy*, 169 F.2d 539 (S.D. Cal., 1959) and *Matter of L—D—E—*, 8 I. & N. Dec. 399 (BIA, 1959), overruling *Matter of Z—*, 5 I. & N. Dec. 514 (BIA, 1953).

[3] *Matter of M—*, 9 I. & N. Dec. 118 (BIA, 1960); *Llanos-Senarrilos v. United States*, 177 F.2d 165 (C.A. 9, 1949). In *Llanos*, the court stated that "[i]f the witness withdraws the false testimony of his own volition and without delay, the false statement and its withdrawal may be found to constitute one inseparable incident out of which an intention to deceive cannot rightly be drawn.

the immigration judge on the ground that the attorney had represented the respondent for approximately one year, and that this was sufficient time to discuss all matters pertaining to a proper defense. Respondent's attorney withdrew from the case and departed from the hearing room.[4]

The respondent contended that his right to a full and fair hearing was abridged because of the immigration judge's denial of his request for an adjournment. He further argued that the immigration judge's action in closing the hearing without permitting an opportunity to find a substitute lawyer after the attorney of record had withdrawn denied him due process of law.

In *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149, 154 (1923), the United States Supreme Court stated:

> To render a hearing unfair, the defect, or the practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process.

Since the immigration judge has the discretion to grant or deny a motion to adjourn or postpone, 8 CFR 242.13, the only issue is whether or not his decision to deny the motion deprived the respondent of a full and fair hearing. This can be ascertained only by analyzing the particular factual circumstances involved in this case.

The adjournment was requested after deportation had been conceded and the respondent had testified on direct examination and cross examination. No other evidence was to be introduced by the Immigration Service, and it was a fair conclusion by the immigration judge that no other evidence would be presented by the respondent. The immigration judge, in explaining why he would not grant the motion to adjourn, stated to respondent's attorney: "You have brought this case all the way up to the point where I am about to make my decision. I cannot recognize your withdrawal from the case." Thereupon, the respondent's attorney withdrew from the proceeding, asserting that he could not properly represent his client unless an adjournment was granted. At that time, the immigration judge stated his decision and closed the hearing.

After carefully analyzing the record, we conclude that the immigration judge was entirely justified in refusing to grant the adjournment. Counsel for the respondent did not indicate that he had any testimony which he would present at the adjourned hearing, nor did he present a valid basis for demanding an adjournment. The respondent was afforded ample opportunity to

---

[4] The withdrawal by respondent's attorney was highly irregular and patently injudicious.

present testimony. In *Moutsos* v. *Shaughnessy*, 149 F. Supp. 116 (S.D.N.Y. 1957), the court stated that "no party has an inflexible right to adjournment. His only right is not to be deprived of an opportunity to present testimony." We find that the denial of the adjournment was entirely within the discretion of the immigration judge and that respondent was not deprived of a fair hearing.

The final assertion of the respondent is that the immigration judge acted arbitrarily in closing the hearing without affording the respondent time to secure a substitute counsel. A careful study of the hearing shows to our satisfaction that it was not arbitrary or unreasonable to close the hearing at that time. The respondent had presented his case and had been represented throughout by counsel. As the immigration judge stated, there was nothing left but the decision.

We conclude that the respondent has not demonstrated that he has been deprived of a full and fair hearing. The immigration judge reasonably exercised his discretion in denying the adjournment and closing the hearing. Based upon the foregoing the following order will be entered.

**ORDER:** The appeal is dismissed.