**UNITED STATES of America, Plaintiff,**

v.

**Youssif Fawzi ABDULGHANI, Defendant.**

**Civ. A. No. C86–2035A.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 15, 1987.

Terry Cornelius Bird, Office of Immigration, Atlanta, Ga., for plaintiff.

Myron N. Kramer, Hurt Richardson Garner Todd & Cadenhead, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This matter is currently before the court on Mr. Abdulghani's petition for naturalization.

On October 22, 1984 Youssif Fawzi Abdulghani filed a petition for naturalization with the United States District Court for the Northern District of Georgia. On January 8, 1985 he was sworn in as a citizen of the United States under Section 319(a) of the Immigration and Nationality Act. 8 U.S.C. § 1430(a). On January 7, 1986 a Motion to Reopen was granted by the Court and the Order and Judgment of Naturalization in this case was reopened and "held in abeyance pending a further determination on the merits of petitioner's qualifications for naturalization, subject to being vacated in the event that petitioner is found ineligible at a subsequent hearing

---

herein ..." At a subsequent hearing held on September 19, 1986 the petitioner and the Immigration and Naturalization Service both appeared and gave testimony and presented witnesses in their behalf.

**FACTS**

At this September 19, 1986 hearing, counsel for the petitioner and the Immigration and Naturalization Service ("INS") stipulated to certain facts outlined in the following chronology:

May 24, 1981, the petitioner, Youssif Abdulghani, married Mohnica E. Lopez, United States Citizen.

November 2, 1983, Mr. Abdulghani was arrested for shoplifting merchandise at a K–Mart store in Cobb County, Georgia.

February 1984, the petitioner plead guilty to the charge of shoplifting, was fined and given twelve (12) months probation and was given first offender status under Georgia law.

August, 1984, the petitioner and his wife separated for the last time.

October 22, 1984, the petitioner appeared at the service office in Atlanta, Georgia where he was interviewed under oath by an INS examiner. His petitioner for naturalization was filed the same day with the Clerk of Court.

January 8, 1985, the petitioner appeared for his naturalization ceremony in United States District Court and was sworn in as a citizen on that date.

February 15, 1985, a complaint for divorce was filed by Mrs. Abdulghani in Cobb County Superior Court and a final judgment and decree of divorce was entered on June 13, 1985.

March 18, 1985, at the conclusion of his twelve (12) months probation and payment of his $400.00 fine, petitioner's shoplifting conviction was terminated and discharged under the Georgia first offender Act.

June 13, 1985, final judgment and decree of divorce was entered.

At the hearing in this case on September 19, 1986, both the petitioner and his former wife appeared and testified. The Service called the naturalization examiner, Ms. Sara Cutchen, who interviewed the petitioner under oath on October 22, 1984 on his application to file a petition for naturalization.

Through the witness's testimony and other documents of record in this case additional facts were established. The petitioner attended college in the United States and speaks English well. He and his ex-wife have one son, born in 1982. After leaving home in June 1984 the petitioner rented an apartment, giving on the apartment application his marital status as "divorced" and stating as his reason for moving the fact that he was "divorcing". Petitioner returned to live with his wife for a short time after this, but separated for the last time from her in August 1984. After the petitioner was arrested and went to court on the shoplifting charge he was given first offender status and reported to a probation officer in Cobb County on a regular basis. After he was sworn in as a citizen in January 1985 the petitioner was arrested and charged with a violation of the Georgia Controlled Substances Act, alleged to have occurred in September 1984.

Ms. Sara Cutchen is an experienced immigration examiner, who has worked for the Service for several years. On October 22, 1984 she interviewed the petitioner under oath on his application to file a petition for naturalization, form N–400. She went over the application orally, asking him the questions on the form. When they had finished the form she asked the petitioner to sign a jurat stating that the answers he had given her as reflected on the form were true and correct to the best of his knowledge, which the petitioner did. From the form N–400 the petition was prepared and shown to Mr. Abdulghani, who signed the petition, swore to its correctness, and filed it with the Clerk of the Court. Petitioner did not tell Ms. Cutchen that he had separated from his wife or that his wife had not moved with him to his new address or otherwise indicate that they were living apart from each other. In answer to question 15 on the N–400 form the petitioner stated that his only arrest had been for a traffic violation in Lake City, Florida. He did not write on the application or in any way indicate to the examiner that he had

been arrested or put on probation for a shoplifting violation in Cobb County, Georgia. In response to question 26, which asks in part have you been an illicit trafficker in narcotic drugs or marijuana, the petitioner marked the form 'no' and orally told the examiner that he had not committed any of the acts asked in the question. On question 33 regarding petitioners who have been married, the form N–400 filled out by petitioner contained no mark on either block to show whether his wife resides with him or apart from him.

On May 12, 1987, petitioner pled guilty to three violations of the Georgia Controlled Substances Act for selling cocaine and marijuana in July and September, 1984. He was sentenced to confinement for a minimum of five years and fined $2,000.

This court in its March 18, 1987 order granted attorney Kramer's motion to withdraw as petitioner's counsel and directed petitioner to have new counsel enter appearance or advise the court of his intent to proceed *pro se* by April 6, 1987. The court indicated that no extension of time would be given to comply with that order. Petitioner has failed to respond.

## DISCUSSION

A basic requirement for naturalization is that a petitioner shall be of good moral character. 8 U.S.C. § 1427(a)(3). The complete definition of "good moral character" is found at 8 U.S.C. § 1101(f). A petitioner who gives false testimony for the purpose of obtaining citizenship under the Immigration Act is barred by § 1101(f)(6) from being found of good moral character.

On October 22, 1984, Immigration Examiner Cutchen questioned the petitioner under oath before filing his petition for naturalization.[1] The petitioner responded "no" to the examiner's question whether he had ever been "an illicit trafficker in narcotic drugs or marijuana." Because petitioner sold controlled substances before he filed

his petitioner for naturalization on October 22, 1984, petitioner's guilty plea demonstrates that he gave false testimony at his naturalization interview to obtain the benefit of citizenship. Petitioner, therefore, fails to meet the requirements of "good moral character" found in the Act and is ineligible for naturalization.

Moreover, petitioner's 1987 conviction for violations of the Georgia Controlled Substances Act demonstrates his lack of good moral character. Under the Act, 8 U.S.C. § 1182(a)(23), an alien convicted of a violation of any law or regulation relating to trafficking in narcotic drugs or marijuana is excludable from the United States. Under § 1101(f)(3), aliens convicted of any law or regulation relating to traffic in narcotic drugs or marijuana may not be regarded as persons of good moral character. Therefore, petitioner also fails to meet the requirements of good moral character required for naturalization due to his convictions for drug offenses.

The Court DENIES Mr. Abdulghani's petition for naturalization.

---

**1.** Petitioner notes that INS Interpretation 316.1(g)(3)(iii) states that for purposes of § 1101(f)(6), testimony must be oral and does not include false statements in an application, whether or not under oath. "However, false statements under oath, given orally in support of an application are within the purview of the statutes." INS Interpretation 316.1(g)(3)(iii), fn K (citing Matter of GLT, 8 I & N Dec. 403 (BIA 1959); Matter of Ngan, 10 I & N Dec. (BIA 1964). Examiner Cutchen testified that she asked the petitioner orally and under oath every question on the application to file his petition for naturalization. She stated that she noted his oral answers in red ink on the application.