**Hipolito Luis CALDERON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74051.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Hipolito Luis Calderon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's

determination that Calderon is ineligible for cancellation of removal because he lacks good moral character under 8 U.S.C. § 1101(f)(6). *Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the IJ's determination that Calderon lacked good moral character, because Calderon admitted that he testified falsely before an asylum officer. *See id.* Calderon's recantation was insufficient because it did not come until his merits hearing before the IJ, one and a half years later. *See Matter of Namio,* 14 I. & N. Dec. 412, 414 (BIA 1973) ("recantation must be voluntary and without delay").

Calderon contends that he lacked the requisite intent to deceive for the purpose of obtaining an immigration benefit because he did not intend to obtain asylum. This contention is unpersuasive because he sought to be placed in removal proceedings in order to obtain immigration benefits, and testified that he lied in order to "get [his] papers." Calderon's "later honesty may speak of [his] good character otherwise," but "it does not remove [him] from the ambit of the statute." *Ramos,* 246 F.3d at 1266.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.