ATM Mashihur RAHMAN, Petitioner,

v.

Michael B. MUKASEY,* Attorney General of the United States; and the United States Department of Justice, Respondents.

No. 05–6864–ag.

United States Court of Appeals, Second Circuit.

April 2, 2008.

Alexander G. Rojas, Esq., Barst & Mukamel, New York, NY, for Petitioner.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Daniel Rubinstein, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, of counsel), Chicago, IL, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. GEORGE B. DANIELS,** District Judge.

### SUMMARY ORDER

ATM Mashihur Rahman, a citizen of Bangladesh, petitions for review of a November 30, 2005 decision of the BIA affirming the March 30, 2004 decision of the immigration judge ("IJ") finding petitioner inadmissible under § 212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(C)(i), denying his application for adjustment of status based on marriage to a United States citizen under INA § 245, 8 U.S.C. § 1255, denying his application for a waiver of inadmissibility under INA § 212(i), 8 U.S.C. § 1182(i), and ordering him removed.

Petitioner was admitted to the United States on March 23, 1992, on a non-immigration business visa which identified him by his true name. After overstaying the authorized period of his visa, petitioner filed, on August 27, 1993, an application for political asylum under the false name of Jubiar Tanvir. On October 6, 1998, petitioner appeared for examination and voluntarily advised the asylum officer that Jubiar Tanvir was not his true name and that his real name was ATM Mashihur Rahman.

By Notice to Appear, dated October 9, 1998, the Immigration and Naturalization Service ("INS") charged petitioner with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted.[1] Petitioner did not contest his removability as charged. Petitioner applied for a adjustment of status under INA § 245, 8 U.S.C. § 1255. To be eligible for an adjustment of status, an alien must be "admissible to the United States for permanent residence." See, INA § 245(c), 8 U.S.C. § 1255(a)(2). Petitioner, believing his use of an alias in his 1993 asylum application may constitute a material misrepresentation rendering him inadmissible, pursuant to INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i),[2] sought a waiver of inadmissibility pursuant to INA § 212(i), 8 U.S.C. § 1182(i).

At an evidentiary hearing, petitioner testified that he originally applied for asylum using the alias Jubiar Tanvir because he feared for his physical safety should his political Bangladeshi opponents, residing in this country, learn of his true identity. Petitioner claimed that he was compelled to continue to use this alias because the only official records in his possession were

---

** The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

1. Pursuant to the Homeland Security Act of 2002, Pub.L. 107–296 § 471, 116 Stat. 2135, 2178 (codified as amended at 6 U.S.C. § 291), the INS was abolished, effective March 1, 2003 and its functions were divided among three bureaus of the Department of Homeland Security. The responsibility for the enforcement of the immigration laws now lies with the Bureau of Immigrations and Customs Enforcement. Since the applications in this case were submitted to the INS, we refer to the agency as the INS in this opinion.

2. INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), provides:

Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible.

all in the name of Jubiar Tanvir. He admitted that, because he had applied for asylum under a false name, he intentionally failed to appear on more than one occasion at the scheduled and rescheduled initial asylum interview in furtherance of his application.

After obtaining legal counsel, petitioner finally appeared for the initial interview. Petitioner testified that, at this interview, he voluntarily advised the asylum officer of his true identity and provided the officer with his passport which was in his true name. Petitioner further testified that, following this interview, he always identified himself by his true name in addition to his alias in all dealings with the INS. Nevertheless, petitioner continued to be issued employment authorization cards in the name of his alias Jubiar Tanvir. Petitioner maintained that he listed both his true name and alias on his employment authorization applications. That application form provides a space for the applicant to list his "other names."

The IJ ruled that "because the [petitioner] filed for asylum and employment authorization under an assumed name, he is inadmissible pursuant to Section 212(a)(6)(c)(i) as an alien who by fraud or willfully misrepresenting a material fact has sought to procure or has procured a visa, other documentation, or admission into the United States, or other benefit provided under the Immigration and Nationality Act." The IJ found that petitioner's inadmissibility rendered him statutorily ineligible for an adjustment of status. The IJ further found that petitioner had

neither made the requisite showing of hardship to warrant a waiver of inadmissibility, nor did he merit a favorable exercise of discretion given the extent to which he assumed a false identity.[3] Petitioner was ordered removed as charged for overstaying the authorized period of his visa.

Where, as here, the BIA adopts the decision of the IJ and supplements it, we review the IJ's decision as supplemented by the BIA. *See, Heui Soo Kim v. Gonzales,* 458 F.3d 40, 44 (2d Cir.2006). Petitioner's application for an adjustment of status was denied on the grounds that he was statutorily ineligible for such relief. While we lack jurisdiction to review the discretionary denial of a request for adjustment of status, we retain jurisdiction to determine whether an alien is eligible to be considered for such relief. *See, Rodriguez v. Gonzales,* 451 F.3d 60, 62 (2d Cir. 2006) (per curiam).

■ Petitioner contends that the IJ erred in summarily concluding that he was automatically inadmissible without considering the materiality of his misrepresentations and the effect of his voluntary retraction. The government maintains that petitioner waived his right to challenge the IJ's finding of inadmissibility because he conceded his inadmissibility by seeking a waiver thereof. However, although petitioner conceded his removability for remaining beyond his authorized stay, he did not concede his inadmissibility. Even though the INS neither charged nor claimed petitioner was inadmissible, petitioner's counsel filed an application for a

---

3. The IJ found that petitioner used the employment authorization document under the name of Jubiar Tanvir to apply for and receive a Social Security card. He also used this alias to apply for credit cards and a mortgage, purchase a home, and file tax returns. In doing so, the IJ observed that petitioner has not only violated the Immigration laws, but has violated and continues to violate federal laws related to mortgages, credit, and taxation. The IJ was "extremely concerned by the extent to which the [petitioner] has assumed this false identity and by his failure to reveal his true identity to most of the agencies involved." (R. 59).

waiver of inadmissibility. The filing of such an application cannot be deemed an intentional, knowing and voluntary waiver of petitioner's right to challenge his inadmissibility status especially where, as here, the IJ had not previously ruled that petitioner was inadmissible nor was he ordered removed on that basis. Moreover, in appealing the IJ's decision, petitioner specifically raised the issue of the IJ's purported failure to consider the issues of materiality and retraction. The BIA's decision, however, did not address either issue.

■ A finding of inadmissibility under § 1182(a)(6)(C)(i) may have the effect of permanently barring the applicant from the United States. Such a serious consequence warrants this Court "closely scrutiniz[ing]" the factual basis supporting the finding of fraud or wilful misrepresentation of a material fact. *See, In re Y–G–*, 20 I. & N. Dec. 794, 796–97 (B.I.A.1994). While petitioner was held to be inadmissible by virtue of using a false alias on both his applications for asylum and employment authorization, neither the IJ nor BIA's decisions articulate a factual or legal rationale which would indicate that the IJ considered whether petitioner's individual conduct and circumstances, in using a false name, met the requirements of the statute.

The IJ failed to specify whether petitioner was inadmissible on the basis of fraud or wilful misrepresentation. To constitute a fraud, an alien must have made a false representation of a material fact, with knowledge of its falsity and with an intent to deceive a government official, and the misrepresentation must have been believed and acted upon by the official. *Matter of G–G–*, 7 I. & N. Dec. 161, 164 (B.I.A.1956). A wilful misrepresentation, however, only requires that the alien knowingly make a material misstatement to a government official for the purpose of obtaining an immigration benefit. *Matter of Kai Hing Hui,* 15 I. & N. Dec. 288, 289–90 (B.I.A.1975).

Even if petitioner was found ineligible because of a wilful misrepresentation, rather than fraud, the deficiency of the record precludes a determination as to whether the IJ considered the materiality of the misrepresentation or considered whether petitioner's disclosure of the misrepresentation constitutes a retraction. For a misrepresentation to render an alien inadmissible, under § 1182(a)(6)(C)(i), it must be shown that: (1) the alien misrepresented a fact; (2) to an authorized official of the United States; (3) the fact was material; (4) the alien did so willfully; and (5) for the purpose of obtaining a visa, other documentation or entry into this country, or to obtain some other immigration and naturalization benefit.

The government maintains that the use of a false identity is always material. Unlike other misrepresentations, a misrepresentation as to identity had previously been held to be *per se* material. *See, Matter of S– and B–C–,* 9 I. & N. Dec. 436, 442–43 (B.I.A.1960). This rule of *per se* materiality no longer exists. *See, Matter of Ng,* 17 I. & N. Dec. 536, 537 (B.I.A. 1980). Any misrepresentation, including one pertaining to identity, is material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *See, Monter v. Gonzales,* 430 F.3d 546, 553–54 (2d Cir.2005). The IJ made no findings as to the actual or potential effect of petitioner's use of an alias in influencing the consideration of his requests for employment authorization and asylum; the latter request being subsequently withdrawn by petitioner.

In this regard, it may be relevant that petitioner continued to be issued employment authorization cards, albeit in the name of Jubiar Tanvir, after he advised

the INS of his true identity. Petitioner testified that, after disclosing his misrepresentation to the asylum officer, he submitted employment authorization applications identifying himself by both his true name and alias. Although the IJ did not make any credibility findings, the IJ found that petitioner has consistently applied for employment authorization under the alias Jubiar Tanvir. If petitioner's testimony is to be credited, his continued receipt of employment authorization cards may be indicative of the fact that his misrepresentation could not have influenced the decision to grant him employment authorization. *See,* 8 C.F.R. § 274a.14(a), (b)(ii) (A misrepresentation is not one of the specified grounds for the automatic termination of employment authorization. Rather, the district director is vested with the discretion to revoke the authorization upon a showing that the information contained in the application is not true and correct.).

Even if the misrepresentation was material, petitioner maintains he cannot be found to be inadmissible because he retracted the misrepresentation in a timely fashion by revealing his true identity at the initial asylum interview. An alien's timely and voluntary retraction of his false statement may serve to excuse the misrepresentation, but the retraction may not simply be in response to the actual or imminent exposure of his falsehood. *See eg., Matter of Namio,* 14 I. & N. Dec. 412, 414 (B.I.A.1973) (Finding retraction was neither voluntary nor timely where alien "did not retract his [mis]statement until approximately one year later, and the retraction was not made until it appeared that the disclosure of the falsity of the statements was imminent."); *Matter of Ngan,* 10 I. & N. Dec. 725, 727 (B.I.A. 1964) ("It is clear that [the alien's] retraction, some three and a half years later, and after investigation disclosed evidence that [he] was not in fact the person he claimed to be was not timely and was too late to fall within the doctrine of timely recantation."); *Matter of M—,* 9 I. & N. Dec. 118, 119 (B.I.A.1960) (Finding voluntary and timely retraction where alien corrected his misrepresentation prior to the conclusion of his full statement and prior to any exposure of the attempted fraud.); *cf., Zheng v. Mukasey,* 514 F.3d 176, 183 (2d Cir.2008) (Suggesting BIA consider the applicability of the timely recantation doctrine in the context of a frivolousness finding, where the alien deliberately made material misrepresentations on a withdrawn asylum application.).

Merely because the disclosure of the misrepresentation occurs at an initial interview does not alone demonstrate timeliness. Although it did not further his application, petitioner's repeated failures to appear for the initial interview served to delay the discovery of his true identity. It was not until petitioner finally chose to appear that he revealed that, more than five years earlier, he had filed for asylum under a false name. Whether petitioner's disclosure constitutes a timely retraction prior to a consideration of his application is a factual issue to be resolved by the IJ.[4]

4. Although not legally authoritative, the Department of State Foreign Affairs Manuals, which serves as guidelines to United States consular officers abroad, advises the following with regard to timely retractions:

A timely retraction will serve to purge a misrepresentation and remove it from further consideration as a ground for INA 212(a)(6)(C)(i) ineligibility. Whether a retraction is timely depends on the circumstances of a particular case. In general, it should be made at the first opportunity. If the applicant has personally appeared and been interviewed, the retraction must have been made during that interview. If the misrepresentation has been noted in a "mail-order" application, the applicant must be called in for an interview and the

Our review of the legal conclusion of inadmissibility is further impeded by the absence of definitive findings by the IJ as to the materiality of petitioner's misrepresentations of identity. Accordingly, a remand is necessary. If, upon remand, the IJ determines petitioner is not inadmissible, the IJ should evaluate petitioner's application for an adjustment of status; which application was denied solely on the grounds that petitioner's inadmissibility status rendered him statutorily ineligible for such relief.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case REMANDED for further proceedings.

retraction must be made during the course thereof. For this reason, aliens shall be warned of the penalty imposed by INA 212(a)(6)(C)(i) at the outset of every initial interview.

9 F.A.M. § 40.63 N.4.6

